HARRIS, C.M., Senior Judge.
Reginald Privette was charged with simple robbery after he was found near the scene with money and a “fake” gun and was identified by the victim as the robber. Because Privette was a Prison Release Reoffender, the robbery charge carried a minimum mandatory fifteen-year sentence. Privette pled guilty to the charge and was sentenced to fifteen years in prison.
Privette has now moved for rule 3.850 postconviction relief based on his attorney’s ineffective assistance of counsel. Everyone agrees that in order to get Pri-vette to plead to robbery, the State indicated that if he did not so plea, it would amend the charge to robbery with a weapon (a fake gun not used or threatened to be used as a weapon), thus, increasing the potential sentence by many years. Defense counsel agreed that such a charge might be successful and advised Privette to accept the plea. Privette testified that without this advice from his attorney, he would have elected to go to trial. Such an amendment would not have been justified under the facts of this case. The trial court deferred ruling on the ineffective assistance of counsel requirement of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), for the purpose of this appeal such ineffective assistance will be assumed.
The court denied the motion finding that Privette had failed to prove any prejudice resulted from counsel’s misadvice since he would have received the fifteen-year minimum sentence in any event. However, Privette was prejudiced since, by following his counsel’s improper advice, he lost his right to a jury trial. We find the plea to have been involuntary. See Shorter v. State, - So.3d -(Fla. 5th DCA 2013).
REVERSED and REMANDED.
PALMER and LAWSON, JJ., concur.